IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                        Case No. 22-10089-JWB

JIMMY LYNN,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to appoint counsel. (Doc. 51.) For the reasons stated below, the motion is DENIED.

On February 23, 2023, Defendant Jimmy Lynn pled guilty to Count 1 of the indictment against him: Count 1 charged Defendant with sexual exploitation of a child for the purpose of production of child pornography under 18 U.S.C. § 2251(a). (Doc. 9 at 1; Doc. 25 at 1.) Defendant was committed to a term of imprisonment of 360 months, and upon release, to a 10-year term of supervised release along with mandatory sex offender registration. (Doc. 25 at 2–3.)

Defendant filed a motion to appoint counsel on April 12, 2024 (Doc. 51) to assist him with filing a motion to reduce his sentence pursuant to Amendment 821 to the Sentencing Guidelines. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See*

1

88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).  Amendment 821 amended the guidelines to limit the criminal history impact of status points and provide an adjustment for certain zero-point offenders.

First, Defendant has no constitutional right to appointment of counsel beyond his direct appeal.  *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  This lack of a "right to counsel extends to a § 3582(c)(2) motion." *United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015).  Nevertheless, a federal district court has discretion to appoint counsel to assist a Defendant's pursuit of a § 3582 motion.  *See United States v. Francom*, No. 2:09-CR-150 TS, 2021 WL 321969, at *2 (D. Utah Feb. 1, 2021) (citing *United States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)).  Here, Defendant has not demonstrated a compelling need for counsel.  Defendant is seeking appointed counsel "to assist in pursuing a sentence modification" by a § 3582(c)(2) motion.  (Doc. 51 at 1.)  After review of Defendant's presentence report, Amendment 821 does not appear to provide relief to Defendant.  Although Defendant is a zero-point offender, he does not appear to be eligible for an adjustment because that provision does not apply to sex offense convictions.  *See* U.S. Sent'g Guidelines Manual § 4C1.1(a)(5) (U.S. Sent'g Comm'n 2023).  Further, Defendant did not receive any criminal history points, so that change in the guidelines does not affect Defendant's sentence.  Given that Defendant does not appear to qualify for relief under Amendment 821, it is doubtful that the court has jurisdiction to review or reduce the Defendant's sentence.  Defendant additionally requests review of his sentence as applied under United States Sentencing Guidelines Manual § 4B1.5(b)(1).  However, a § 3582 motion is not the proper avenue by which to seek postconviction relief.  *United States v. Hutching*, 743 F. App'x 898 (10th Cir. 2018).

3

Thus, the court concludes that Defendant failed to provide a sufficient compelling reason for it to exercise its discretion and appoint counsel on a matter in which there is no constitutional right to counsel. Therefore, Defendant's motion to appoint counsel (Doc. 51) is DENIED. IT IS SO ORDERED. Dated this 26th day of September, 2024.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE