IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 22-10089-JWB

JIMMY LYNN,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motions (1) to correct a clerical error in his judgment and (2) to appoint counsel. (Doc. 53, 54.) The government objects to the motions.[1] (Doc. 56.) For the reasons stated below, Defendant's motions are DENIED.

On February 23, 2023, Defendant Jimmy Lynn pled guilty to Count 1 of the indictment against him: Count 1 charged Defendant with sexual exploitation of a child for the purpose of production of child pornography under 18 U.S.C. § 2251(a). (Doc. 9 at 1; Doc. 25 at 1.) Defendant was committed to a term of imprisonment of 360 months, and upon release, to a 10-year term of supervised release along with mandatory sex offender registration. (Doc. 25 at 2–3.) Defendant now brings a motion to correct an alleged clerical error regarding the inclusion of a Chapter 4 sentencing enhancement in his judgment and also brings a motion to appoint counsel with regards to the alleged error. (Docs. 53, 54.)

As an initial matter, motions to correct an error in a criminal sentence are governed by Federal Rule of Criminal Procedure 35. This rule holds that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

---

[1] Defendant has not filed a reply brief and the time for doing so has now passed.

1

Fed. R. Crim. Proc. 35(a). Rule 35(a)'s 14-day timeframe is jurisdictional and cannot be waived. *See United States v. McGaughy*, 670 F.3d 1149, 1155–59 (10th Cir. 2012). The judgment and sentence in this matter was announced on May 11, 2023, nearly nineteen months ago. As a result, to the extent this court constructively views Defendant as relying on Rule 35(a), his motion is untimely.

Liberally construed, Defendant is also seeking relief regarding clerical errors under Federal Rule of Criminal Procedure Rule 36. This rule provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. Proc. 36. Rule 36 gives the court authority to correct clerical-type errors but does not give the court authority to substantively modify a Defendant's sentence. *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996). Given that the written judgment in this case is clear and bereft of any clerical errors, Defendant is requesting a substantive modification of his sentence due to an allegedly improper sentencing enhancement rather than a clerical correction. *See, e.g.*, *United States v. Meindl*, 269 F. App'x 849, 851 (10th Cir. 2008). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As such, the motion to correct a clerical error must be denied.

Regarding Defendant's second motion to appoint counsel, Defendant has no constitutional right to appointment of counsel beyond his direct appeal. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Here, Defendant has not demonstrated a compelling need for counsel given that his motion to correct a clerical error is both untimely and meritless. Thus, the court concludes

that Defendant failed to provide a sufficient compelling reason for the court to exercise its discretion and appoint counsel on a matter in which there is no constitutional right to counsel.

Therefore, Defendant's motions to correct a clerical error and to appoint counsel (Doc. 53, 54) are DENIED.

IT IS SO ORDERED.  Dated this 28th day of January, 2025.

                                                      _s/ John W. Broomes_
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE